MARK J. O'CONNOR AND JOYCE K. O'CONNOR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
O'Connor v. Commissioner
Docket No. 5006-89
United States Tax Court
T.C. Memo 1992-544; 1992 Tax Ct. Memo LEXIS 564; 64 T.C.M. (CCH) 744; September 15, 1992, Filed *564 Decision will be entered under Rule 155. For Mark J. O'Connor, pro se. For Respondent: Matthew I. Root. GERBER
GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION GERBER, Judge: Respondent, by means of a statutory notice of deficiency, determined a deficiency for petitioners' 1984 taxable year in the amount of $ 19,754.80. Respondent also determined additions to tax of $ 987.74 pursuant to section 6653(a)(1), [1] 50 percent of interest due on $ 16,878.65 pursuant to section 6653(a)(2), and $ 4,217.91 pursuant to section 6661. The issues for consideration are: (1) Whether petitioners have substantiated any part of a $ 55,680 net operating loss carryback from 1987 to 1984; (2) whether petitioners are entitled to income averaging for 1984 pursuant to sections 1301, 1302, 1303, and 1304; and (3) whether petitioners are liable *565 for additions to tax pursuant to section 6653(a)(1) and (2). FINDINGS OF FACT Some of the facts have been stipulated and the stipulation of facts and attached exhibits are incorporated by this reference. At the time of the filing of the petition herein, petitioners resided in Williamsville, New York. Petitioners filed a joint Federal income tax return for the 1984 taxable year. Respondent determined the $ 19,754.80 deficiency based upon the following adjustments: Additional Schedule C gross receipts of $ 55,349, disallowed Schedule C expenses of $ 7,273, additional interest income of $ 50, sales tax deduction of $ 573, and a child care credit of $ 105. The parties have agreed to the following adjustments to petitioners' 1984 income: Additional Schedule C gross receipts of $ 42,921.17, disallowed Schedule C expenses of $ 5,585.86, additional interest income of $ 50, deduction for sales tax paid of $ 483, and a child care credit of $ 105. Petitioners also agreed that they are liable for the addition to tax pursuant to section 6661. In 1984, petitioner Mark J. O'Connor was a self-employed attorney. He operated his practice as a sole proprietorship, and not a professional corporation. *566 He maintained two bank accounts for his legal practice, a business account and an escrow account. Petitioner Joyce O'Connor was the bookkeeper for the business even though she had no accounting background or training. Petitioners hired Mr. Robert Flynn (Flynn) to prepare their 1984 income tax return. Flynn is a bookkeeper and a tax preparer, but is not a certified public accountant. To prepare the return, petitioners gave Flynn figures from their bank statements and other documents and he completed a work sheet. Flynn then transferred the numbers from the work sheet and placed them on the return. He did not audit the documents or verify the figures petitioners gave him. Flynn prepared the return in petitioners' home and at least one of petitioners was with Flynn at all times during the preparation of the return. Flynn prepared the return relying on the representations of petitioners. Petitioners did not review the return before they signed it. In May 1990, while the parties were engaged in settlement negotiations, petitioners prepared a 1987 return that reflected a net operating loss. Petitioners then prepared an amended 1984 return that reflected adjustments to the 1984 *567 taxable year and a net operating loss carryback from 1987. Mr. Friedman, a certified public accountant, prepared petitioners' amended 1984 return and 1987 return. Petitioners signed these returns and gave them to respondent's counsel in May 1990. Petitioners never mailed the returns for filing to an Internal Revenue Service Center or a district director's office. On the amended 1984 return, petitioners claimed income averaging and a $ 55,680 net operating loss carryback from 1987. On June 25, 1990, the parties appeared before a Judge of this Court in Rochester, New York. At that hearing, petitioners moved for a general continuance and the motion was granted. The parties engaged in settlement negotiations throughout this time, and their negotiations were finalized in the "Stipulation of Agreed Issues and Other Matters" which was executed on April 29, 1991. OPINION Petitioners argue that when they agreed to the additional income in 1984, respondent also agreed to allow the 1987 net operating loss carryback. Petitioners allege that they would not have agreed to the additional income if respondent had not agreed to the net operating loss, and therefore respondent cannot now *568 deny that petitioners are entitled to the net operating loss carryback. [2]
Petitioners' signed the "Stipulation of Agreed Issues and Other Matters" and the document was filed with this Court. The document states that one of the remaining issues for trial is "Whether the petitioners are entitled to a net-operating loss carryback from 1987 to 1984 in the amount of $ 55,680.00." A stipulation is treated as a conclusive admission by the parties to the stipulation. A party to a stipulation is not permitted to qualify, change, or contradict a stipulation in whole or in part, except where justice so requires. Rule 91(e). We have enforced stipulations unless the stipulated facts are clearly contrary to the facts *569 disclosed by the record, , or if manifest injustice would result. , affg. . Petitioners offered no evidence (only their unsupported allegation) that respondent agreed to the net operating loss carryback. In fact, the stipulation of the parties states that the net operating loss carryback is in issue. Petitioners had ample opportunity at trial to substantiate the net operating loss. Petitioners have failed to contradict the stipulation and they will be held to the stipulation, as filed. This Court has jurisdiction to consider the 1987 net operating loss to the extent it affects petitioners' 1984 taxable year. Sec. 6214(b). Respondent argues that petitioners are not entitled to the net operating loss carryback because they did not properly elect the carryback and they did not substantiate the loss. Petitioners bear the burden of proving the loss. Rule 142(a). Petitioners offered no evidence to substantiate the 1987 net operating loss and are not entitled to the net *570 operating loss carryback. Because petitioners have not shown entitlement to the claimed loss, it is unnecessary to decide whether petitioners' returns were filed and/or whether the net operating loss carryback was properly elected. Respondent conceded before trial that if petitioners were not entitled to the net operating loss carryback, they would be entitled to the benefits of income averaging. Accordingly, we find that petitioners are entitled to income averaging for 1984. Section 6653(a)(1) imposes an addition to tax equal to 5 percent of the underpayment if any part of the underpayment is due to negligence or intentional disregard of rules or regulations. Section 6653(a)(2) imposes an addition to tax equal to 50 percent of the interest payable under section 6601 for any portion of the underpayment which is attributable to negligence. Negligence, for purposes of this statute, is defined as the "'lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances.'" (quoting . Petitioners *571 have the burden of showing that respondent's determination of an addition to tax is erroneous. Rule 142(a). Petitioners argue that they are not liable for the additions to tax because they relied on their tax preparer, Flynn. They maintain that Flynn had full and free access to all their books and records and that he prepared the return based on the documents he had accessible. Petitioners assert that they acted with due care because they hired a tax preparer, all relevant information was available to him, and they relied on his ability to properly compute their tax liability. Petitioners also alleged that they had to rely on their tax preparer because they were involved in an extradition case of great notoriety. Petitioners argue that they were so consumed in this case that they were unable to properly attend to their tax obligations. [3]
The general rule is that taxpayers *572 cannot avoid their duty to file an accurate return by placing the responsibility on an agent. . Although this Court has made exceptions if taxpayers rely on the advice of an agent concerning a complex tax transaction, , that exception does not apply in this case. The deficiency was not a result of a complex transaction. It was the result of understating gross receipts and overstating deductions. Petitioners gave Flynn amounts from their books and records for Flynn to use in preparing the return. Even though the documents were available for Flynn's review, he was not required to and he did not audit or verify petitioners' documents. Petitioners were with Flynn while he prepared the return, so they could have been aware of his procedure and that he was not relying on or verifying the documents. Moreover, petitioners did not review the return before they signed it. Accordingly, we hold that petitioners are liable for the additions to tax for negligence under section *573 6653(a)(1) and (2). Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. Petitioners wanted the Court to resolve some issues relating to the 1985 taxable year. The 1985 taxable year was not included in the notice of deficiency that led to the Tax Court petition, and this Court does not have jurisdiction to redetermine and enter a decision for the 1985 taxable year. Sec. 6214(b).↩
3. Petitioner Mark J. O'Connor referred to this case in his opening statement; however, no evidence about the case was presented at trial.↩